IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KEDRICK WILLIAMS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Case No.: 2:19-cv-33 |
| V. | ) | |
| | ) | |
| ALL STATE BEVERAGE | ) | JURY TRIAL DEMANDED |
| COMPANY, INC., | ) | |
| | ) | |
| DEFENDANT(S). | ) | |

## COMPLAINT

### I. JURISDICTION

1. This action for injunctive relief and damages is brought pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201, 2202, 29 U.S.C. § 2617(a)(2), The Family and Medical Leave Act. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights caused by the Defendant.

2. This is a Complaint for legal and equitable relief and to redress the defendant's retaliatory discharge in violation of Ala. Code § 25-5-11.1 brought pursuant 28 U.S. Code § 1367.

### II. PARTIES

3. Plaintiff, Kedrick Williams, (hereinafter "Plaintiff" or "Williams") is a resident of Montgomery, Montgomery County, Alabama, and performed work for

the Defendant in the counties composing the Middle District of Alabama during the events of this case. Thus, pursuant to 28 U.S.C. § 1391(b), venue for this action lies in the Northern Division.

4. Defendant employed at least fifty (50) people for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Defendant employed these fifty (50) employees within 75 miles of Plaintiff's worksite.

### III. FACTS

5. Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if fully set out herein.

6. In April of 2018, Williams was a employed by Defendant.

7. On Friday, April 27, 2018, Williams suffered an accident and injured his back while working in the scope of his employment.

8. Williams initially believed he did not need treatment and attempted to rest his back over the weekend.

9. However, Williams injury resulted in an emergency room visit at Baptist East over the weekend, on April 28 and/or April 29th.

10. On Monday, April 30, 2018, Williams reported to Defendant he needed treatment for his April 27, 2018, work-related injury.

11. Defendant denied workers' compensation benefits.

12. Williams returned to his personal physician for treatment.

13. Williams was taken out of work by his physician.

14. Defendant did not offer Williams leave under the Family and Medical Leave Act.

15. After treatment and physical therapy Williams' physician released him to return to work without restriction in early July of 2018.

16. At that time, Williams reached out to Defendant and informed Defendant he was released by his physician to return to work with no restrictions.

17. Defendant stated that Williams needed to complete an agility test before he could return to work.

18. Williams reached out to Defendant in an attempt to schedule the agility test with one of Defendant's workers' compensation physicians.

19. Specifically, Williams reached out to Judy Graham in Human Resources in an attempt to schedule the necessary test, so Williams could return to work.

20. Graham refused to speak with Williams about scheduling the agility test.

21. Though Defendant required the agility test for Williams to return to work, Defendant refused to pay for the required agility test.

22. Defendant informed Williams that if he had not taken the agility test by July 27, 2018, his employment would be terminated.

23. Defendant continued to refuse to work with Williams to schedule the Company required agility test.

24. Defendant terminated Williams employment on July 24, 2018.

## IV. COUNT ONE - FMLA INTERFERENCE

25. Williams incorporates by reference each fact and allegation contained in the above paragraphs as though restated herein.

26. During the 12-month period prior to April 27, 2018, Defendant employed Williams for at least 1,250 hours of service.

27. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year of Williams accident and injury on April 27, 2018.

28. On April 30, 2018, Williams provided notice of his need for leave due to an injury sustained on April 27, 2018, while working in the scope of his employment.

29. Prior to April 30, 2018, Williams had never previously informed Defendant of the need for FMLA leave.

30. Defendant failed to provide Williams with a Notice of Eligibility and Rights and Responsibilities form.

31. Defendant failed to provide Williams with an FMLA Designation Notice form.

32. Defendant failed to provide Williams with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form OR FMLA Certification of Health Care Provider for Family Member's Serious Health Condition form.

33. Defendant interfered with Williams' FMLA rights by not allowing him to commence leave.

34. On July 24, 2018, Defendant terminated Plaintiff's employment without explanation.

35. Defendant's employees had knowledge that Williams suffered from FMLA qualifying conditions for which he needed treatment through his doctor.

36. As a result of Defendant's interference with Williams' rights under the FMLA, Williams has been damaged, suffering loss of pay and benefits.

### V. COUNT TWO - FMLA RETALIATION

37. Williams adopts by reference each and every material averment contained in the above paragraphs as if fully set forth herein.

38. During the 12-month period prior to April 30, 2018, Defendant employed Williams for at least 1,250 hours of service.

39. Defendant employs fifty (50) or more persons for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year prior to April 30, 2018.

40. On April 30, 2018, Williams provided notice of unforeseeable FMLA leave because of an injury obtained while working in the scope of his employment on April 27, 2018.

41. Williams provided notice of his unforeseeable need of FMLA leave as soon as practicable due to his medical emergency.

42. Prior to April 30, 2018, Williams had never previously informed Defendant of a need for FMLA leave.

43. Defendant willfully failed to provide Williams with a Notice of Eligibility and Rights and Responsibilities form.

44. Defendant willfully failed to provide Williams with an FMLA Designation Notice form.

45. Defendant willfully failed to provide Williams with an FMLA Certification of Health Care Provider for Employee's Serious Health Condition form.

46. Defendant terminated Williams' employment on July 24, 2018.

47. Defendant's employees had knowledge that Williams suffered from FMLA qualifying conditions for which he needed treatment through his doctor from April 30, 2018 through the first week of July, 2018.

48. Williams received a letter notifying him that his employment was terminated on July 24, 2018.

49. Defendant's made the decision to terminate Williams' employment, in whole or part, because of Williams' exercise of FMLA rights.

50. As a result of Defendant's retaliatory termination decision in violation of the FMLA, Williams has been damaged, suffering loss of pay and benefits.

## VI. COUNT THREE - WORKERS' COMPENSATION RETALIATORY DISCHARGE

51. Williams re-alleges and incorporates by reference the preceding paragraphs as if set forth fully herein.

52. Defendant and Williams engaged in an employer/employee relationship.

53. On or about April 27, 2018, Plaintiff suffered an on-the-job injury.

54. Defendant received prompt and immediate notice of Williams' injury.

55. On or about April 30, 2018, Williams sought benefits under the Workers' Compensation Act.

56. After Williams sought benefits under the Workers' Compensation Act; Defendant unlawfully terminated Williams employment.

57. In violation of Ala. Code § 25-5-11.1, Defendant terminated Williams' employment solely because Williams sought workers' compensation benefits.

58. Defendant willfully terminated Plaintiff for suffering an on-the-job injury and exercising of his right to report an injury that would have qualified him for workers' compensation benefits in violation of Alabama Code § 25-5-11.1.

59. Because of Defendant's violation of Ala. Code § 25-5-11.1, Williams has been damaged; suffering loss of pay, benefits and mental anguish.

## VII. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the Family and Medical Leave Act;

B. Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate § 25-5-11.1 of the Alabama Workers' Compensation Statute;

C. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been wrongfully terminated;

D. Award him back pay, together with employment benefits, front pay, compensatory damages; punitive damages; liquidated damages; special damages; nominal damages; and any other damages available under the law;

E. Attorneys' fees and costs;

F. Plaintiff requests that the Court award Plaintiff equitable relief as provided by applicable law; and,

G. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

/s/ Kira Fonteneau
Kira Fonteneau

/s/ Felicia T. Long
Felicia T. Long

**OF COUNSEL:**
THE FONTENEAU FIRM LLC
A Member of the Five Points Law Group LLC
2151 Highland Avenue, Suite 205
Birmingham, Alabama 35205
T: 205.564.9005 F: 205.564.9006